PROB 12C  
(05/17)

April 14, 2022  
pacts id: 6754843

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**MJ 22-02545**

Name of Offender: Joseph Broderick (English)   Dkt. No.: 19CR04780-002-GPC

Reg. No.: 79129-112

~~Name of Sentencing Judicial Officer: The Honorable Gonzalo P. Curiel, U.S. District Judge~~

Original Offense: 18 U.S.C. § 1349, Conspiracy to Commit Wire Fraud, a Class B felony.

Date of Sentence: October 1, 2021

Sentence: Time Served; five years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

Type of Supervision: Supervised Release    Date Supervision Commenced: March 16, 2022

Asst. U.S. Atty.: Andrew J. Galvin    Defense Counsel: Lauren Clark  
(Appointed)  
619-234-8467

Prior Violation History: Yes. See prior court correspondence.

---

## PETITIONING THE COURT
## TO ISSUE SUMMON FOR THE OFFENDER TO APPEAR BEFORE THE COURT

RECEIVED  
U.S. MARSHALS-S/CA  
2022 APR 21 AM 10: 09

PROB12(C)
Name of Offender: Joseph Broderick  April 14, 2022
Docket No.: 19CR04780-002-GPC  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| (Mandatory Condition) Not commit another federal, state, or local crime. | 1. On or about December 9, 2021, Joseph Broderick possessed a controlled substance, methamphetamine, in violation of California Health and Safety Code § 11377(a), as evidenced by the Los Angeles County Sheriff incident report number 921-16558-0629-185. |
| | 2. On or about December 9, 2021, Joseph Broderick possessed drug paraphernalia, in violation of California Health and Safety Code § 11364, as evidenced by the Los Angeles County Sheriff incident report number 921-16558-0629-185. |
| | 3. On or about March 3, 2022, Joseph Broderick did commit burglary in violation of California Penal Code § 459, as evidenced by the Burbank Police Department incident report number 22-1908. |
| | 4. On or about March 3, 2022, Joseph Broderick possessed a controlled substance (methamphetamine), in violation of California Health and Safety Code § 11377(a), as evidenced by the Burbank Police Department incident report number 22-1908. |
| | 5. On or about March 3, 2022, Joseph Broderick possessed of tear gas (pepper spray), in violation of California Penal Code § 22810(h), as evidenced by the Burbank Police Department incident report number 22-1908. |

*Grounds for Revocation:* As to Allegations 1 and 2, the undersigned received and reviewed the County of Los Angeles Sheriff's Department Report Number: 921-16558-0629-185, which confirms that on December 9, 2021, officers conducted a traffic stop on a vehicle with expired registration. There were three individuals in the vehicle, and Mr. Broderick was identified as one of the passengers. During questioning, Mr. Broderick advised the officers that he was on federal probation. When asked if there was anything illegal in the vehicle, Mr. Broderick advised that he had a "needle and some meth." Additionally, officers observed a glass pipe with burnt bulbous in the front passenger area where Mr. Broderick was sitting. It was additionally determined that the second passenger, a female, was on state parole. During a search of the vehicle, officers located a plastic wrapper containing methamphetamine in Mr. Broderick's backpack. Officer also recovered fentanyl and a glass pipe in the second passenger's backpack. Mr. Broderick was subsequently arrested for possession of methamphetamine and possession of drug paraphernalia. It is noted that these matters are pending, and charges have not yet been filed.

PROB12(C)

Name of Offender: Joseph Broderick  
Docket No.: 19CR04780-002-GPC

April 14, 2022  
Page 3

As to Allegations 3, 4, and 5, the undersigned received and reviewed the Burbank Police Department Incident Report Number 22-1908, which confirms that on or about March 3, 2022, Mr. Broderick was observed leaving a Home Depot with a shopping cart filled with high-end power tools. After leaving the Home Depot, the officer observed Mr. Broderick fail to stop at a posted stop sign and subsequently proceeded to conduct a traffic stop. During questioning, the officer inquired why he had so many power tools in his vehicle, to which Mr. Broderick replied stating he was trying to return them to Home Depot to get some cash back. He added that he was returning them for his boss. Upon further investigation, officers located methamphetamine and pepper spray in the center console of the vehicle. Additionally, in Mr. Broderick's wallet, officers located multiple barcode stickers that are commonly used to place over high end item barcodes so that the item can be sold for a cheaper price. It was later discovered that Mr. Broderick had altered the bar codes placed on the high-end power tools located in the vehicle in an attempt to defraud the store. Mr. Broderick was arrested and later released. A complaint has been filed in the Burbank City Attorney's Office DR Number: 22-1908 charging Mr. Broderick with shoplifting in violation of California Penal Code § 459.5(a) and possession of a controlled substance in violation of California Health and Safety Code 11377(a). Mr. Broderick has been ordered to appear for arraignment on May 10, 2022, at 8:30 a.m.

(Mandatory Condition)  
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)*

(Standard Condition)  
Answer truthfully all inquiries by the Probation Officer and follow instructions of the probation officer.

6. On or about November 29, 2021, Joseph Broderick used a controlled substance, methamphetamine as evidenced by his admission to the probation officer on December 14, 2021.

7. On or about December 9, 2021, Joseph Broderick used a controlled substance, methamphetamine as evidenced by his admission to the probation officer on December 14, 2021.

8. On or about December 28, 2021, and March 4, 2022, Joseph Broderick failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit a urine specimen at Detection and Treatment Resources, as required.

9. On or about March 21, 2022, Joseph Broderick used a controlled substance, methamphetamine, and marijuana, as evidenced by his admission to the probation officer on and March 31, 2022.

10. On or about March 24, 2022, Joseph Broderick used a controlled substance, as evidenced by the urine sample he submitted on March 24, 2022, which confirmed positive for fentanyl.

11. On or about March 29, 2022, Joseph Broderick used a controlled substance, methamphetamine, as evidenced by his admission to the probation officer on March 31, 2022.

PROB12(C)
Name of Offender: Joseph Broderick  April 14, 2022
Docket No.: 19CR04780-002-GPC  Page 4

**_Grounds for Revocation:_** As to Allegation 6, on December 14, 2021, the probation officer met with Mr. Broderick, and he admitted to using methamphetamine on November 29, 2021.

As to Allegation 7, on December 14, 2021, the probation officer met with Mr. Broderick, and he admitted to using methamphetamine on December 9, 2021.

As to Allegation 8, I received and reviewed the Drug Aftercare Notification Report from Detection and Treatment Resources, Inc. which confirms that on the above dates, Mr. Broderick failed to submit a urine specimen as directed.

As to Allegations 9 and 10, on March 24, 2022, the probation officer met with Mr. Broderick, and he admitted to using methamphetamine on March 21, 2022. It is noted that a drug specimen provided on March 24, 2022, screened positive for amphetamines, cannabinoids, and fentanyl. On March 31, 2022, the probation officer met with Mr. Broderick to address the drug screen and he admitted he used methamphetamine and marijuana on March 21, 2022. Mr. Broderick denied using fentanyl. The drug screen was subsequently sent to the national laboratory for confirmation. I have received and reviewed the written laboratory notification from Abott Toxicology Services which verify the specimen provided by the offender on March 24, 2022, confirmed positive for marijuana metabolite and nor fentanyl. The drug screen for methamphetamine has not returned from the national laboratory and results are awaited.

As to Allegation 11, on March 31, 2022, the probation officer met with Mr. Broderick to address the drug test he submitted on March 24, 2022. Mr. Broderick reported he last used methamphetamine on March 29, 2022.

(Special Condition)
Participate in a program of drug or alcohol abuse treatment, including drug testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay.

12. On or about March 22, 2022, Joseph Broderick failed to attend outpatient substance abuse treatment as required.

**_Grounds for Revocation:_** As to Allegation 12, I received and reviewed the Drug Aftercare Notification Report from Detection and Treatment Resources, Inc. which states that on March 22, 2022, Mr. Broderick failed to report for treatment as required.

PROB12(C)
Name of Offender: Joseph Broderick
Docket No.: 19CR04780-002-GPC

April 14, 2022
Page 5

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

Mr. Broderick began his term of supervised release on October 1, 2021. His supervision was transferred to the Central District of California, where he is currently being supervised. The following information was provided from the supervising probation officer:

When confronted about the arrest on December 9, 2021, Mr. Broderick reported his grandmother has cancer and he has been struggling to care for her. Mr. Broderick admitted to using methamphetamine on November 29 and December 9, 2021. Mr. Broderick was referred for outpatient substance abuse treatment services at Detection and Treatment Resources. On December 28, 2021, Mr. Broderick failed to report for drug testing as required and reported he forgot to call the drug testing line. He said he has been concerned for his grandmother whose health is deteriorating.

On March 7, 2022, Mr. Broderick reported to the Ventura Probation Office for a noncompliance meeting with the probation officer following his arrest. Mr. Broderick indicated he planned to "fight" the new charges against him. He denied ownership of the drugs found in the vehicle, claimed he did not know he was prohibited from having pepper spray, and that he had receipts for the property in question. He was verbally admonished for his noncompliance and encouraged to be forthcoming about any ongoing struggles with substance abuse. He maintained he was sober and had not used drugs since his arrest on December 9, 2021. Further, he stated he did not need residential substance abuse treatment. He was directed to continue participating in treatment and testing through Detection and Treatment Resources. The probation officer also addressed his association with negative peers as Mr. Broderick reported that during both of his arrests, he was doing something for a friend. The urine sample he provided on March 7, 2022, returned negative for illicit drug use.

As previously noted, on March 21, 2022, Mr. Broderick admittedly used methamphetamine and marijuana. He expressed an interest in entering an inpatient drug treatment program. On March 31, 2022, Mr. Broderick entered the Cri-Help Detox program. On April 6, 2022, he transitioned to the Cri-Help inpatient rehabilitation program located in North Hollywood, CA.

As noted, Mr. Broderick began supervised release on October 1, 2021, and continues to violate the conditions of supervised release. Based on this information, his adjustment to supervision is deemed poor.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Broderick, prior to entering into treatment, was residing with his mother in Santa Clarita, California. He reports he is the care giver for his mother who is mentally ill. According to the probation officer in the Central District of California, Mr. Broderick has not secured stable employment since his release from custody. His criminal history consists of arrests since the age of 13 for possession of marijuana, vandalism, possession/manufacturing/selling a dangerous weapon, minor possession of alcohol, receiving stolen property, burglary, DUI, possession of a controlled substance, selling hypodermic needles, possession of methamphetamine for sale, grand theft, use or under influence of a controlled substance, possession of burglary tools, commercial burglary, possession of GHB, possession of cocaine and resisting executive officer.

PROB12(C)

Name of Offender: Joseph Broderick  April 14, 2022
Docket No.: 19CR04780-002-GPC  Page 6

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 3 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** USSG §7B1.1(b), p.s., indicates that where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade. In this case the most serious conduct involves burglary which constitutes a Grade B violation. USSG §7B1.1(a)(2), p.s.

Upon a finding of a Grade B violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade B violation with a Criminal History Category VI (determined at the time of sentencing) establishes an imprisonment range of 21 to 27 months. USSG § 7B1.4, p.s.

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 5 year(s) supervised release, less any term of imprisonment imposed upon revocation.

### RECOMMENDATION/JUSTIFICATION

In the short time that Mr. Broderick has been on supervised release, he has sustained two new arrests for new law violations. In addition, he continues to use illegal drugs and violate the conditions of the court. Mr. Broderick's lack of motivation to comply with the orders of the court is serious. To his credit, on March 31, 2022, he entered a detoxification program, and on April 6, 2022, he entered an inpatient substance abuse treatment program.

The probation officer considered a recommendation for a custodial sentence; however, Mr. Broderick's struggle with substance abuse appears to be the driving force behind his violation conduct. Therefore, it is recommended Mr. Broderick be summoned to appear before Your Honor in regard to the violation conduct outlined in this petition. Since he is enrolled in inpatient treatment, it is further recommended that the court hold the petition in abeyance to see if Mr. Broderick is serious about addressing his ongoing substance abuse issues through inpatient treatment. If Mr. Broderick is unsuccessful in complying with this treatment opportunity, the probation officer would recommend a custodial sanction, with the time to be determined, to ensure all conduct is taken into consideration at that time.

PROB12(C)
Name of Offender: Joseph Broderick                                               April 14, 2022
Docket No.: 19CR04780-002-GPC                                                         Page 7

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: **April 14, 2022**

Respectfully submitted:                          Reviewed and approved:
DANIEL J. KILGORE
CHIEF PROBATION OFFICER

by _____                        _____
Josh Okada                                       Paula D. Burke
U.S. Probation Officer                           Supervisory U.S. Probation Officer
(619) 446-3688

PROB12CW                                                                                              April 14, 2022

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Broderick, Joseph

2. **Docket No. (Year-Sequence-Defendant No.):** 19CR04780-002-GPC

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| burglary | B |
| possession of tear gas | B |
| possession of methamphetamine | C |
| possession of drug paraphernalia | C |
| failure to attend treatment as required | C |
| failure to refrain from the use of illegal drugs | C |
| Failure to comply with drug testing | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))         [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))               [ VI ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))                   [ 21 to 27 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Other | _____ | Intermittent Confinement | _____ |

PROB12(C)
Name of Offender: Joseph Broderick April 14, 2022
Docket No.: 19CR04780-002-GPC Page 9

THE COURT ORDERS:

_____ AGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON_____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

__✓__ DISAGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____ Other _____

_____

_____

_[signature]_  4/15/22
The Honorable Gonzalo P. Curiel          Date
U.S. District Judge